a certain credit, but when that is expired we look to you for the cash."

Under this agreement the court held that no relation of principal and agent subsisted between the parties; that the consignee of the goods was not acting in a fiduciary capacity, and that the proceeds of sales were his own moneys, and he was at liberty to deal with them as he pleased, and that the consignors of the goods had no right to follow them in the hands of bankers to whom they had been paid.

It will be noticed that this case is almost identical with the case at bar. By the agreement between the bankrupts and the petitioners the latter agreed to "furnish" the bankrupts goods of their manufacture, at a fixed price. The bankrupts were to pay all freight, storage, and charges on the goods shipped to them. They had the right to sell or dispose of them in any manner, and for such prices and on such terms as they chose, and were to pay, at the expiration of three months, a fixed price for all goods sold or shipped from their warehouse. They were not bound to render any account sales to their consignors. The agreement speaks, it is true, of an account sales to be rendered by the bankrupts, but this evidently means an account or statement of the articles sold or shipped from their warehouse, for which they were to pay the agreed price every three months. They were not bound to render any account of the prices obtained by them, or of the terms of sale. At the end of the year they were bound to pay, if required, for all goods remaining on hand. It is plain that this transaction in no respect resembles a consignment by a principal to a factor, of goods to be sold on commission. It is a consignment of goods to be paid for at a price agreed upon, and which bore no relation to the prices at which the consignees might sell, or the amounts they might be able to collect. A credit was given, but all goods sold or removed were to be paid for at stipulated periods, and all goods remaining on hand were to be paid for at the expiration of a year from the date of the agreement. The transaction was thus a sale on credit, and the petitioners can make no claim to the goods sold or removed from their warehouse by the bankrupts, or to their proceeds. The case is not affected by the circumstance that the bankrupts have, in pursuance of their agreement, given their notes for the goods sold by them, which notes the petitioners now hold. The latter may, if they choose, surrender these notes, and prove for the original debt. No question is made as to the goods remaining in the bankrupt's possession at the time of the bankruptcy. It is understood that the assignee has agreed to relinquish them to the petitioners, as it was found more advantageous to the estate to reduce the amount of the petitioners' claim by the amount of their contract price, than to sell them at the present market rates, and admit the petitioners to prove for their whole claim.

As the assignee is in possession of all the assets to which the petition lays claim, no order will be necessary, except to deny the prayer of the petition.

== ==

## Case No. 8,370.

### LINGAN v. BAYLEY.

[1 Cranch, C. C. 112.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

BANKRUPTCY — IMPRISONMENT OF BANKRUPT DURING EXAMINATION.

The court will not commit a bankrupt for want of bail, who has surrendered to the commissioners, and whose examination is not closed, although the forty-two days have expired.

The bail surrendered the defendant, and the plaintiff prayed that he might be committed.

The defendant was declared bankrupt, on the 21st of August, 1802, and on the 2d of September he surrendered himself to the commissioners. The examination is not yet closed, although the forty-two days have expired. Bayley has appealed from the decision of the commissioners.

THE COURT refused to commit the defendant.

Cooper's Bankr. Law, pp. 175, 343, was cited.

═══════

## Case No. 8,371.

### LINGAN v. MARBURY.

[1 Cranch, C. C. 365.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

JURY—ALIEN.

A juror cannot object to serve because he is an alien.

A juror objected to being sworn on the petit jury because he was an alien, a North Briton.

THE COURT thought it no objection, coming from the juror himself, however it might be if he was challenged by either party.

FITZHUGH, Circuit Judge, absent.

By consent of parties, however, he was not sworn.

═══════

## Case No. 8,372.

### LINGER v. WOOSTER.

[See Case No. 12,901a.]

. ═══════

LINK (THORNHILL v.). See Case No. 13,993.

───────────

[1] [Reported by Hon. William Cranch, Chief Judge.]